IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


THERESA A. TREANOR,                          Civ. No. 07-1388-AA

            Plaintiff,                       OPINION AND ORDER

      v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

            Defendant.
_____

Floyd Shebley
419 Fifth St.
Oregon City, Oregon 97045
      Attorney for plaintiff

Karin J. Immergut
United States Attorney
District of Oregon
Brittania I. Hobbs
Assistant United States Attorney
1000 S.W. Third Avenue
Portland, Oregon 97204-2902

Joanne E. Dantonio
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, Washington  98104-7075
      Attorneys for defendant

1    - OPINION AND ORDER

AIKEN, Judge:

Plaintiff brings this action pursuant to the Social Security Act (the Act), 42 U.S.C. §§ 405(g), seeking judicial review of a final decision of the Commissioner of Social Security (Commissioner) denying plaintiff's application for Disability Insurance Benefits (DIB). For the reasons set forth below, the Commissioner's decision is affirmed.

## BACKGROUND

On March 29, 2004, plaintiff filed an application for DIB, alleging disability since January 30, 2004 due to chronic pain and stiffness, fatigue and weakness of muscles, and numbness in her hands and fingers. Tr. 53-55, 59. Her applications were denied initially and on reconsideration. Tr. 32-40. After timely requesting a hearing, plaintiff, her husband, and a vocational expert appeared and testified before an administrative law judge (ALJ) on December 4, 2006. Tr. 252-88. On January 22, 2007, the ALJ issued a decision finding plaintiff not disabled within the meaning of the Act. Tr. 14-29. The Appeals Council denied plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. Tr. 5-8. Plaintiff now seeks judicial review.

Plaintiff was forty-four years old at the time of the ALJ's decision. Tr. 256. Plaintiff has an eleventh-grade education and past relevant work a child care provider. Tr. 256, 286. She

2    - OPINION AND ORDER

alleges disability as January 2004, primarily due to chronic pain and fatigue.

STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence in the record. <u>Hammock v. Bowen</u>, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison v. NLRB</u>, 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." <u>Martinez v. Heckler</u>, 807 F.2d 771, 772 (9th Cir. 1986). Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. <u>Sample v. Schweiker</u>, 694 F.2d 639, 642 (9th Cir. 1982).

COMMISSIONER'S DECISION

The initial burden of proof rests upon the claimant to establish disability. <u>Howard v. Heckler</u>, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The ALJ evaluated plaintiff's allegation of disability pursuant to the relevant five-step sequential process. See Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520. At step one, the ALJ found that plaintiff had not engaged in "substantial gainful activity" during the period of alleged disability. Tr. 19; 20 C.F.R. § 404.1520(b).

At step two, the ALJ found that plaintiff has "non-severe" impairments of carpal tunnel syndrome, headaches, and depression, and a "severe" impairment of probable fibromyalgia. Tr. 19-24; C.F.R. § 404.1520(c).

At step three, the ALJ found that plaintiff's impairments did not meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude gainful activity." Tr. 25; 20 C.F.R. § 404.1520(d).

At step four, the ALJ found that plaintiff retained the residual functional capacity to perform a limited range of light work. Tr. 25. Specifically, the ALJ found that plaintiff could life and carry ten pounds frequently and twenty pounds occasionally, and that she can sit stand and walk for up to six hours in an eight-hour workday. Tr. 27. The ALJ also found that plaintiff was precluded from climbing ropes, ladders and scaffolding, and that plaintiff was limited to simple, routine, repetitive work with limited interaction with the general public. Tr. 27. Based on these findings, the ALJ found that plaintiff

could not perform her past relevant work as a child care provider. Tr. 27; 20 C.F.R. § 404.1520(e).

If the claimant is unable to perform past relevant work, the inquiry proceeds to step five, where the Commissioner bears the burden to establish that the claimant is capable of performing other work that exists in significant numbers in the national economy. <u>Yuckert</u>, 482 U.S. at 141-42; 20 C.F.R. § 404.1520(f). Relying on the testimony of the vocational expert, the ALJ found that plaintiff was able to perform other work as a small product assembler, electronics worker, and food sorter. Tr. 28-29, 286-87. Therefore, the ALJ found that plaintiff not disabled within the meaning of the Act.

DISCUSSION

Plaintiff asserts that the Commissioner's decision should be reversed and remanded for the payment of benefits. Plaintiff argues that the ALJ erred in finding her subjective complaints of pain and fatigue not credible, rejecting the opinion of her treating physician, and failing to consider the lay testimony of her husband.

A.  Credibility Determination

Plaintiff argues that the ALJ failed to provide clear and convincing reasons to discount her allegations of pain and fatigue. Plaintiff maintains that her complaints and testimony should be accepted as true, rendering her disabled under the Act.

Plaintiff testified that she suffers from chronic pain in her back, legs, and hands. Tr. 277. Plaintiff also stated that she has headaches every day, and once a month her headaches are totally debilitating for several days. Tr. 278. Plaintiff testified that she can stand, walk, or sit for approximately fifteen to twenty minutes before she must rest, lie down, or change positions. Tr. 264-67. Plaintiff maintains that her body aches constantly and she must lie down four or five times a day or she becomes overly fatigued. Tr. 268. Plaintiff takes hot baths and significant doses of methadone, a narcotic, for her pain. Tr. 238, 269-70.

The ALJ found that plaintiff's complaints were not fully credible, citing inconsistencies between her reported symptoms and the medical evidence of record. Tr. 26.

When a plaintiff produces objective medical evidence of an impairment that reasonably could be expected to produce some degree of the symptoms complained of, "the ALJ may reject the claimant's testimony regarding the severity of symptoms only if he makes specific findings stating clear and convincing reasons for doing so." Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996); see also Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002) (ALJ credibility findings must be "sufficiently specific to permit court to conclude that the ALJ did not arbitrarily discredit claimant's testimony"). In making these findings, the ALJ may consider objective medical evidence and the claimant's treatment history as

well as any unexplained failure to seek treatment or follow a prescribed course of treatment. Smolen, 80 F.3d at 1284. The ALJ may also consider the claimant's daily activities, work record, and the observations of physicians and third parties with personal knowledge about the claimant's functional limitations. Id. Finally, the ALJ may employ ordinary techniques of credibility evaluation, such as the claimant's reputation for lying and prior inconsistent statements concerning the alleged symptoms. Id.

Plaintiff contends that the ALJ failed to meet this standard, because the ALJ's primary reason for rejecting plaintiff's testimony was the lack of supporting medical evidence. While an ALJ cannot reject the severity of subjective complaints solely on the lack of objective evidence, the ALJ may nonetheless look to the medical record for inconsistencies. See Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599-600 (9th Cir. 1999).

Here, the ALJ found that the medical record did not reflect the level of disability alleged by plaintiff. Tr. 22-23. Although plaintiff claims constant pain in her hands, the medical records following her successful carpal tunnel surgery in May 2004 do not reflect limitations. Tr. 22, 193-95, 226-27. Moreover, plaintiff testified that she enjoyed scrapbooking. Tr. 277. With respect to plaintiff's headaches, the ALJ noted that her headaches had not worsened since the time when she had worked. Tr. 20, 278-79.

The ALJ found that plaintiff's complaints of overall pain

were not supported by treatment records of her treating physician, in which plaintiff reported that she was doing better with medications and exercise. Tr. 201, 225-27. In February 2005 plaintiff stated that "she believes the quality of her life has improved with the medication," Tr. 227, in December 2005 she stated that her pain was controlled, Tr. 234, and in August 2006 she reported that her pain was improving. Tr. 235.

The ALJ also found inconsistencies between plaintiff's complaints and evidence in the record. For example, in May 2004, after her alleged onset of disability, plaintiff reported to a physician that she had cleaned house for six or seven hours the day before. Tr. 21, 194. In 2006, plaintiff worked part-time for five months as a delivery driver, contrary to her complaints of chronic, debilitating pain. Tr. 257. In fact, plaintiff reported that she felt better while working with the public and that her pain was controlled. Tr. 235. Plaintiff's physician also noted on several occasions that plaintiff "dramatized" her symptoms of pain, and the state medical consultant found plaintiff's complaints "not entirely consistent." Tr. 20-21, 26, 162-69, 200-01.

Finally, the ALJ noted that plaintiff did not comply with her physician's recommendation to try non-narcotic pain management.

The ALJ's reasons for discrediting plaintiff's complaints are clear, convincing, and supported by the record. Thus, I find that the ALJ did not arbitrarily discredit plaintiff's testimony.

B.  Opinion of Treating Physician

Plaintiff also maintains that the ALJ improperly rejected the opinion of Dr. Petterson, her treating physician.  On November 1, 2006, Dr. Petterson wrote a narrative and completed a questionnaire in support of her disability application.  Tr. 238.  Dr. Petterson stated that in March 2004 he advised plaintiff to cease working as a child care provider because of her pain syndrome.  Dr. Petterson attributed plaintiff's disabling condition to the diagnosis of fibromyalgia, for which plaintiff takes a "significant dose" of methadone daily.  Dr. Petterson also stated that plaintiff's husband recently lost his job, that plaintiff has no health insurance, and that it was "imperative" for the Social Security Administration to "recognize" plaintiff's "predicament."  Tr. 238. Dr. Petterson indicated that plaintiff would be required to take frequent and unpredictable breaks during work hours and would miss work twenty to thirty percent of the time.  Tr. 240.

The ALJ rejected Dr. Petterson's opinion in its entirety, affording it no weight in his disability analysis.  Tr. 24.  The ALJ found that Dr. Petterson's opinion contradicted his own treatment notes, was not supported by the medical evidence of record, and was based solely on plaintiff's subjective complaints, which the ALJ found not credible.  Tr. 21-24.  Instead, the ALJ accepted the opinions of state medical consultants who reviewed plaintiff's medical records and determined that she was able to

9    - OPINION AND ORDER

perform light work.  Tr. 162-69.

The medical opinion of a claimant's treating physician is entitled to "special weight" because "he is employed to cure and has a greater opportunity to know and observe the patient as an individual." Rodriguez v. Bowen, 876 F.2d 759, 761 (9th Cir. 1989)(citation omitted).  The ALJ may reject the uncontradicted opinion of a treating or examining physician by providing clear and convincing reasons supported by substantial evidence in the record. See Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1996); Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995).  If contradicted, the ALJ may reject the opinion with specific and legitimate reasons.  Andrews, 53 F.3d at 1043.

I find no error in the ALJ's evaluation of Dr. Petterson's opinion.  As noted by the ALJ, Dr. Petterson provided no medical basis to substantiate his narrative or questionnaire. See Tr. 241. "The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." Thomas, 278 F.3d at 957; Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005).  Dr. Petterson conducted no assessment of plaintiff's limitations or her ability to work based on medical testing or evaluation.  Instead, Dr. Petterson's opinion is based solely on plaintiff's subjective complaints of pain and her assertion that she could no longer work. Tr. 241. A "physician's opinion of disability 'premised to a large

10   - OPINION AND ORDER

extent upon the claimant's own accounts of [her] symptoms and limitations' may be disregarded where those complaints have been 'properly discounted.'" <u>Morgan</u>, 169 F.3d at 602 (quoting <u>Fair v. Bowen</u>, 885 F.2d 597, 605 (9th Cir. 1989)).

Further, as noted by the ALJ, Dr. Petterson's opinion of complete disability is not reflected in his treatment records. Generally, Dr. Petterson noted unremarkable findings and normal examinations. Tr. 23, 200-03, 205-09, 223, 227. And, contrary to his narrative, the record does not reflect that Dr. Petterson advised plaintiff to stop working in March 2004. The ALJ also appropriately relied Dr. Petterson's strong advocacy in support of disability benefits. <u>Matney v. Sullivan</u>, 981 F.2d 1016, 1020 (9th Cir. 1992). Notably, Dr. Petterson encouraged plaintiff to seek disability benefits prior to her examination by a rheumatologist, even though Dr. Petterson had not determined that plaintiff would be disabled continuously for twelve months. Tr. 22, 204.

In sum, I find that the ALJ provided clear, convincing, and specific reasons to reject the opinion of Dr. Petterson.

<u>C.  Lay Witness Testimony</u>

Finally, plaintiff argues that the ALJ failed to consider the lay testimony of her husband. Plaintiff's husband testified that plaintiff is in constant pain, has trouble sleeping, and is limited in her activities. Tr. 88-95, 280-85.

An ALJ must consider the statements of family and friends.

Smolen, 80 F.3d at 1288.  "Descriptions by friends and family members in a position to observe a claimant's symptoms and daily activities have routinely been treated as competent evidence." Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987).  The ALJ can reject the testimony of lay witnesses only by providing reasons germane to each witness.  Smolen, 80 F.3d at 1288.

Here, the ALJ discussed Mr. Treanor's testimony in analyzing the credibility of plaintiff's complaints.  Tr. 26.  The ALJ rejected plaintiff's complaints due to inconsistencies and lack of support in the medical evidence of record.  The ALJ may reject lay witness testimony due to inconsistencies with the medical evidence. Bayliss, 427 F.3d at 1218.  Therefore, I find no error.

CONCLUSION

The ALJ's finding that plaintiff is not disabled within the meaning of the Act is supported by substantial evidence in the record.  Accordingly, the decision of the Commissioner is AFFIRMED. IT IS SO ORDERED.

Dated this  4  day of June, 2008.


_          _____/a/ Ann Aiken_____
                        Ann Aiken
               United States District Judge


12  - OPINION AND ORDER